Lincoln Law, LLP
Carl R. Gustafson, Bar No. 254881
Tessa Meyer Santiago, UT Bar 09324
Attorney for Debtor
1525 Contra Costa Blvd.
Pleasant Hill, CA 94523
Telephone: (800) 722-6578
Facsimile: (800) 584-6826

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>JESUS EDGAR MONTANO,<br><br>    Debtor.<br>_____<br><br>HERITAGE PACIFIC FINANCIAL, LLC.,<br>d/b/a HERITAGE PACIFIC FINANCIAL,<br>a Texas Limited Liability Company,<br><br>    Plaintiff,<br><br>    v.<br><br>JESUS EDGAR MONTANO,<br><br>    Defendant. | Case No.: 10-71788<br><br>Chapter 7<br><br>Adversary Case No. 11-4008<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 26(b) MOTION FOR ADDITIONAL INTERROGATORIES**<br><br>Hearing Date: March 13, 2013<br>Time: 10.30 AM<br>Courtroom: 220<br>Place: 1300 Clay Street<br>          Oakland, CA 94612<br><br>Before Honorable Judge William J Lafferty |

### Memorandum of Points and Authorities in Support of Motion for Leave to Serve

### 50 Post-Judgment Interrogatories

Defendant seeks leave of court to serve additional interrogatories on judgment debtor Heritage Pacific Financial, the Chapter 13 Bankruptcy Trustees administering cases from which

HPF receives funds, and on entities connected to HPF, specifically, but not limited to, Heritage Pacific Holdings.

Federal Rule of Civil Procedure ("Rule") 33(a)(1) provides that a party may serve no more than 25 interrogatories on any other party. Rule 26(a)(2) provides that a court may enter an order altering the limits imposed by the rules. Defendant requests an order allowing him to serve post-judgment interrogatories as allowed under Rule 69(a). These interrogatories and the Plaintiff's responses will afford Defendant a shot at actually obtaining the relief that was ordered by this Court in its January 25, 2013 Order on Defendant's Rule 54 Motion for Attorney's Fees and Costs.

Rule 69 (a) provides for broad post-judgment discovery by the judgment creditor "from any person—including the judgment debtor" to assist in the "judgment or execution." FRCP 69(a)(2). *See Baker v. Limber*, 647 F.2d 912, 920 (9th Cir. 1981)("The purpose of a Rule 69 proceeding is to identify assets from which a judgment might be satisfied.") This discovery should enable the judgment creditor to obtain discovery of "the debtor's current assets [and] also of past financial transactions which could lead to the existence . . . of concealed of fraudulently conveyed assets." *See Dering v. Pitassi*, 1988 WL 115806 at *1 (E.D. Pa. 1988).

During the Rule 26f communications, Defendant's counsel noted that she would need more than the 25 interrogatories. *See* July 5, 2011 Discovery Letter, a true and correct copy of which is attached as Exhibit A to the Declaration of Tessa Meyer Santiago. Nevertheless, when Defendant served thirty-three interrogatory requests on Plaintiff HP in the first round of discovery, HP refused to answer all interrogatories after number 25, stating that the rules did not allow for additional requests. See Plaintiff's Response to Defendant's Interrogatory Requests, a true a correct copy of which is attached as Exhibit B to the Declaration of Tessa Meyer Santiago.

Taking into consideration Plaintiff's actions throughout this litigation, Defendant anticipates a similar reaction to these post-judgment interrogatories if they were served without the order altering the number of interrogatories allowed under the rules. Defendant therefore moves the Court for leave to serve additional interrogatories on Plaintiff in order to determine the nature, location, and source of Plaintiff's financial resources from which the judgment for attorney's fees can be satisfied.

Using interrogatories is the most cost-efficient means of discovering the evidence necessary to allow Defendant to execute and recover on the judgment. It is also the most time-efficient manner in which to receive information, as requests must be responded to within 30 days.

Time is of the essence in this case. Heritage Pacific is experiencing a business downturn. Mr. Ganter, manager and owner of Heritage, has testified under oath that the business model as conceived by him and his brother was based on the understanding that California anti-deficiency statutes did not apply to foreclosed seconds. *See* Deposition of Ben Ganter, a true and correct copy of which is attached to Declaration of Tessa Meyer Santiago as Exhibit E, at page 14, line 13 - page 15 line 22 (buying sold-out unsecured California seconds); page 18, lines 15-18 (the fact that sold-out seconds are not subject to anti-deficiency statutes in California is a factor in buying loan portfolios); page 22, lines 6 -20 (Heritage actively sues and collects from California borrowers as of October 2011); page 62 lines 9-16 (stating that owner occupancy was not significant when suing for fraud); page 71 lines 21 – page 73 lines 19 (describing the legal research performed by him and his brother relating to anti-deficiency statutes and their applicability to default seconds in California)

The business model conceived of by Heritage Pacific has not prospered in California as the courts have not interpreted California statutes as Heritage predicted. Heritage did not take into account the reach of Cal. Civ. Code 726(f) and (g). As a result, Heritage has suffered operation losses of 3 million dollars in 2010. *Id*. at page 28 line 11 – page 29 line 8. Heritage is already changing their business model after only 2 years. *Id*. According to Judge Yew, of the Santa Clara Superior Court, Heritage Pacific once had as many as 40 employees, devoted to the collection of the amounts owing on the defaulted, unsecured mortgage notes that Heritage Pacific bought on the secondary market. *See* Proposed Statement of Decision Following Court Trial, attached to Declaration of Tessa Meyer Santiago, as Exhibit D, page 5. In October 2011, it had between 22 and 25 employees. *See* Exhibit E, page 9, lines 7-9. One year later, as of October, 2012, Heritage Pacific has six employees. *See* Exhibit D, page 5. Heritage is also facing the payment of significant attorney's fees and costs associated with the judgments that have been entered against it. Defendant fears that if he does not obtain the information requested in the Rule 69 Post-Judgment Interrogatories, a true and correct copy of which is attached as Exhibit C to this Motion and Memorandum, Heritage Pacific will hide assets and end operations in California. *See* Exhibit E, pages 134-137, showing that all HP entities were deliberately formed as separate LLC's so that none is connected to the other.

Accordingly, the Defendant moves the Court for an Order altering the number of interrogatories served in this case by Defendant to seventy-five (75). This would allow for the service of the 25 requests attached as Exhibit C to the Declaration of Tessa Meyer Santiago, as well as 25 additional interrogatories to third parties with relevant information concerning Heritage Pacific's ability to pay the judgment. Without these additional interrogatories,

Defendant will have little ability to recover the judgment entered in his favor against Heritage Pacific Financial.

DATED: 12 February, 2013     Respectfully submitted,

/s/ Tessa Meyer Santiago
Tessa Meyer Santiago
LINCOLN LAW, LLP
Attorney for Defendant Montano