Lincoln Law, LLP
Carl R. Gustafson, Bar No. 254881
Attorney for Debtors
1525 Contra Costa Blvd.
Pleasant Hill, CA 94523
Telephone: (800) 722-6578
Facsimile: (800) 584-6826

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | ) BANKRUPTCY CASE NO.: 10-71788 |
| Jesus Edgar Montano, | ) Chapter 7 |
| Debtor | ) ADVERSARY CASE NO.: 11-04008 WJL |
| _____ | ) **AFFIDAVIT OF TESSA MEYER SANTIAGO, in support of DEFENDANT'S MOTION FOR ORDER OF ASSIGNMENT.** |
| HERITAGE PACIFIC FINANCIAL, LLC, d/b/a HERITAGE PACIFIC FINANCIAL, a Texas Limited Liability Company, | |
| Plaintiff, | |
| v. | |
| JESUS EDGAR MONTANO, | |
| Defendant. | |

I, Tessa Meyer Santiago, do hereby declare as follows:

1. I am counsel for Jesus Edgar Montano, and have personal knowledge of the events described herein, and am willing and able to testify as to these events.

2. On February 13, 2013, I moved the Bankruptcy Court for the Northern District of California for leave to serve post-judgment interrogatories on Heritage Pacific Financial, LLC, who was indebted to my client for $70, 867.31 as a result of a judgment for attorneys fees entered by that Court on January 25, 2013.

3. On February 28, 2013, Jennifer Harris, counsel for Heritage Pacific Financial ("HPF") filed a self-styled response to Mr. Montano's motion, stating that she was not officially

filing an opposition to the motion, but that she was responding to the motion, even though she was not authorized to represent HPF in any matters relating to collection.

4. As Ms. Harris had represented HPF against my client, and against hundred of other borrowers whose loans HPF had bought on the secondary market, it came as rather a surprise to hear that HPF no longer had counsel for collections.

5. Upon hearing that HPF did not have counsel in matters relating to collecting on the judgment, our office called Ben Ganter, president of HPF, LLC. He informed us that he did not intend to pay a cent on the judgment and that he would not be responding to any discovery requests.

6. No counsel for HPF, LLC appeared at the March 14, 2013 hearing on Montano's motion for leave to serve Rule 69 post-judgment interrogatories.

7. I served Rule 69 post-judgment discovery requests on HPF, on March 20, 2013 on both HPF, LLC business address and on its counsel, who is still representing HPF in the issues on appeal. The 28-day response period concluded April 22, 2013. HPF has not responded to the Rule 69 post-judgment interrogatories.

8. Through communications with borrowers who have been sued by HPF and settled with them, and who now owe monthly payments to HPF, it was determined that HPF uses Chase Bank and Capital One to receive settlement funds from borrowers, and it uses First ACH to process payments made online.

9. I personally searched the dockets of the bankruptcy courts in which HPF either filed non-dischargeability actions or claims and extracted the debtor information from those cases in which HPF filed settlement agreements, received a default judgment or a plan was confirmed. The information contained in this motion and memorandum regarding the debtor's personal information is true and accurate.

Sworn to this 13 day of May, 2013 at Orem, Utah under penalty of perjury under the laws of the state of Utah.

/s/ Tessa Meyer Santiago
Tessa Meyer Santiago, Affiant
Counsel for Defendant