Lincoln Law, LLP
Carl R. Gustafson, Bar No. 254881
Attorney for Debtors
1525 Contra Costa Blvd.
Pleasant Hill, CA 94523
Telephone: (800) 722-6578
Facsimile: (800) 584-6826

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>Jesus Edgar Montano,<br>    Debtor<br>_____<br><br>HERITAGE PACIFIC FINANCIAL, LLC, a Texas Limited Liability Company<br>    Plaintiff,<br><br>    v.<br><br>JESUS EDGAR MONTANO,<br>    Defendant. | BANKRUPTCY CASE NO.: 10-71788<br><br>Chapter 7<br><br>ADVERSARY CASE NO.: 11-04008 WJL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FOR ASSIGNMENT OF RIGHTS PURSUANT TO CCP§708.510(a) AND FRCP 69(a)—Chapter 13 Trustees**<br><br>Hearing time: 10.30 a.m.<br>Hearing date: June 12, 2013<br>Hearing Place: Room 220, 1300 Clay Street, Oakland, California, 94612 |

## **INTRODUCTION**

On January 25, 2013, after being properly moved by Defendant Jesus Montano under Federal Rule of Civil Procedure 54, and pursuant to 11 U.S.C. §523(d), the Court entered an order awarding Defendant Jesus Montano attorney's fees incurred in defending against the 523(a) non-dischargeability action filed by Heritage Pacific Financial.

The Court subsequently entered an order allowing Defendant to serve Rule 69 post-judgment interrogatories.  These were served on the Plaintiff/Judgment Debtor Heritage Pacific Financial ("HPF") on March 20, 2013.  HPF's response was due on April 22, 2013.  HPF has not responded. *See Affidavit of Tessa Meyer Santiago*, filed in support ofthis Motion.

No superseadas bond has been filed to delay execution on the judgment.

Defendant moved the Court for an order of assignment on May 13, 2013.  The hearing was held June 12, 2013.  After hearing oral argument from Defendant's counsel, the Court granted Defendant's motion with respect to the commercial entities and to debtors who were represented by counsel. With regards to the Chapter 13 trustees affected by the proposed order, the Court gave Defendant leave to re-file the Motion with service to the Chapter 13 trustees. *See Clerk's Minutes Entry*, dated 6/12/2013, stating "Counsel to file and serve trustee's . . . with motion and re-schedule for hearing."

In accordance with the Court's instruction, Defendant hereby resubmits his motion for an order of assignment regarding funds owed Heritage Pacific Financial in possession of United States Chapter 13 Trustees.

## MECHANISM OF ASSIGNMENT MOTION

Judgment Creditor Montano seeks to enforce the judgment under Federal Rule of Civil Procedure 69(a)(1) and use the law of the State of California to do so.

Rule, 69, Execution, provides that

> A money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Defendant wishes to employ the remedies permitted under California Code of Civil Procedure ("C.C.P.") §708.510(a).   Under Code of Civil Procedure Section

708.510, the Court is authorized to issue an order directing the judgment debtor to assign all or part of a right to payments due or to become due to the judgment creditor or to a receiver, appointed pursuant to Article 7 (commencing with Section 708.610). Under C.C.P. Section 708.510 payments due from the following sources are subject to an assignment order: rents, commissions, royalties, payments due from a patent or copyright, insurance policy loan value, accounts receivable, general intangibles, judgments and instruments.

An assignment order reaches a broader range of property rights than levies and executions. Levies and executions reach only that money which is non-contingent, and in which the accounts are immediately due and payable, and without a defense. This assignment order would reach all accounts, accounts receivables and rights to payment of money, whether owed now owed or in the future, from "account debtors" who may owe money to the underlying judgment debtor.

The sole constraints placed on the Court are that the assignment may be ordered to the extent necessary to satisfy the money judgment and that, where part of the payments are exempt, the amount of the payments assigned should not exceed the difference between the gross amount of the payments and the exempt amount. C.C.P. § 708.510, (c), (d), (e), (f).

The Legislative Comment under C.C.P. 708.15 indicates that the court has great flexibility in fashioning relief, which itself would enable Defendant to serve the assignment order and obtain payment of amounts which are due or may be due in the future. The Legislative Comment provides as follows:

**Legislative Committee Comment—Assembly 1982 Addition**

Section 708.510 provides a new procedure for reaching certain forms of property that cannot be reached by levy under a writ of execution, such as the nonexempt loan value of an unmatured life insurance, endowment or annuity policy. See Section 699.720(a)(6), 704.100. It also provides an optional procedure for reaching assignable forms of property that are subject to levy, such as accounts receivables, general intangibles, judgments and instruments. This section does not make any property assignable that is not already assignable. This rememdy may be used alone or inconjuction with other remedies provided in this title for reaching rights to payment, such as execution, orders in examination proceedings, creditor's suits and receivership. This use of this remedy is subject to limitations on the time for enforcement of judgment.

The purpose of an assignment order is the same as a contractual assignment under C.C.P. §708.530, which provides that "The effect and priority of an assignment ordered pursuant to this article is governed by Section 955.1 of the Civil Code. For purpose of priority, an assignee of a right to payment pursuant to this article shall be deemed a bona fide assignee for value under the terms of Section 955.1 of the Civil Code."

Assignments are found under Civil Code 955.1:

**§955.1**

(a) Except as provided in Section 954.5 and 955 and subject to subdivisions (b) and (c), a transfer other than one intended to create a security interest . . . of any payment intangible and any transfer of account, chattel paper, payment intangibles, or promissory notes excluded from coverage of Division 9 of the Commercial Code shall be deemed perfected as against third persons upon there being executed and delivered to the transferee an assignment thereof in writing.
(b) As between bona fide assignees of the same right for value without notice, the assignee first giving notice thereof to the obligor in writing has priority.

The effect on the obligor's rights is found under C.C.P. §708.540, which provides as follows:

**§708.540.**
The rights of an obligor are not affected by an order of assigning the right to payment until notice of the order is received by the obligor. For the purposes of this section, "obligor" means the person who is obligated to make payments to the

judgment debtor or who may become obligated to make payments to the judgment debtor depending upon future developments.

An assignment order permits the judgment creditor to serve the order through the mails (or process server).

## REACH OF AN ASSIGNMENT ORDER

An assignment order reaches all obligations which may be owed by the obligor i.e., the person obligated to make payments to HPF. These obligations include, but are not limited to, for example, all rights to payments of money, accounts, funds on hand, funds in a deposit account, or otherwise. *See Chicago Pneumatic Tool Co. v. O.V. Stonestreet, et al.*, 107 F.R.D. 674 (S.D.W. Va. 1985)(court has inherent power to order a party to assign its rights, title and interest in financial accounts to judgment creditor); *Philippine Export and Foreign Loan Guarantee Corp. v. Chuidian*, 218 Cal. App.3d 1058 (upholding court's power to require debtors to assign their interest in debts or other property).

## OBLIGORS UNDER THE ASSIGNMENT ORDER

<u>Chapter 13 Trustees</u>.  Judgment Creditor has factual basis to believe that the Chapter 13 trustees in the United States Bankruptcy Courts of the federal districts of Central California, Eastern California, Northern California, South California, Southern Florida, Middle Florida, Arizona, and Nevada receive funds owed to HPF.

CENTRAL DISTRICT OF CALIFORNIA
    Amrane Cohen, 770 The City Drive South, Suite 8500, Orange, CA 92868
    Nancy K. Curry, 700 S. Flower Street, Suite 1215, Los Angeles, CA 90017
    Rodney A Danielson, 3787 University Avenue, Riverside, CA 92501
    Kathy Anderson Dockery, 700 S. Flower Street, Suite 1950, Los Angeles, CA 90017
    Elizabeth F. Rojas, 15060 Ventura Blvd, Suite 240, Sherman Oaks, CA 91403

EASTERN DISTRICT OF CALIFORNIA

David P. Cusick, P.O. Box 1858, Sacramento, CA 95812
Russell D. Greer, P.O. Box 3051, Modesto, CA 95353-3051
Jan P. Johnson, P.O. Box 1708, Sacramento, CA 95812
Michael Meyer, 7550 N. Palm Avenue, Suite 204, Fresno, CA 93711

NORTHERN DISTRICT OF CALIFORNIA
Martha G. Bronitsky, P.O. Box 9077, Pleasanton, CA 94566
David E. Burchard, P.O. Box 8059, Foster City, CA 94404
Devin Derham-Burk, P.O. Box 50013, San Jose, CA 95150-0013

SOUTHERN DISTRICT OF CALIFORNIA
Thomas H. Billingslea, Jr., 530 "B" Street, Suite 1500, San Diego, CA 92101-4499
David L. Skelton, 525 B Street, Suite 1430, San Diego, CA 92101

THE DISTRICT OF ARIZONA
Russell A. Brown, 3838 N. Central Avenue #800, Phoenix, AZ 85012-1965
Dianne C. Kerns, 7320 N. La Cholla #154, Tucson, AZ 85471
Edward J. Maney, 101 North First Avenue, Suite 1775, Phoenix, AZZ 85003

SOUTHERN DISTRICT OF FLORIDA
Nancy K. Neidich, P.O. Box 279806, Miramar, FL 33027-4452
Robin R. Wiener, P.O. Box 559007, Fort Lauderdale, FL 33355-9007

MIDDLE DISTRICT OF FLORIDA
Douglas W. Neway, 200 West Forsyth, Suite 1520, Jacksonville, FL 32202
Terry E Smith, 3046 E. College Ave, Ruskin, FL 33570
Jon M. Waage, P.O. Box 25001, Bradenton, FL 34206-5001
Laurie K. Weatherford, P.O. Box 3450, Winter Park, FL 32790

DISTRICT OF NEVADA
Kathleen A. Leavitt, 201 Las Vegas Boulevard So., Las Vegas, NV 89101
William A. Van Meter, 1225 Westfield Avenue, Suite 8, Reno, NV 89501
Rick A Yarnall, 701 Bridger Avenue, Suite 820, Las Vegas, NV 89101

## **CONCLUSION**

As shown in the declaration, the current balance due on the judgment is a principal of $70, 867.31, and interest on the post-judgment balance which continues to accrue at $27.18 per day (calculated at $70,867.31 x 0.14 divided by 365 days).

HPF has declared that it will not voluntarily pay on the judgment entered in Defendant's favor. HPF has also failed to answer the Rule 69 post-judgment

interrogatories.  HPF has not authorized its counsel to represent it in matters of settlement of this matter. *See* Affidavit of Tessa Meyer Santiago, filed herewith. HPF did not oppose Defendant's previous motion nor appear at the June 12, 2013 hearing.

Therefore, Judgment Creditor requests that the court issue an Assignment Order assigning rights to payments due HPF from the Chapter 13 trustees named herein to Jesus Montano, and that right to payment made under this order continues until the amount necessary to pay the judgment has been received by Defendant's counsel.

DATED:  July 2, 2013                                              Respectfully Submitted,

                                              /s/ Tessa Meyer Santiago
                                              Tessa Meyer Santiago
                                              Attorney for Defendant
                                              Jesus Montano